UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID FROHWERK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 2:11-CV-209 PS |
| ) | |
| TIMOTHY BEAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **OPINION AND ORDER**

This matter is before the Court on a complaint that Plaintiff David Frohwerk, a *pro se* prisoner, filed under 42 U.S.C. § 1983 [DE 1], dealing with events at the Westville Correctional Facility ("WCF"), where he is housed. Defendant Timothy Bean is the WCF Executive Assistant, the other Defendants are "unknown" counselors and mail room employees [DE 1 at 2].

Pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.

Courts apply the same standard under Section 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under this standard, a complaint must contain enough to state a claim for relief that is plausible on its face, and raise the right to relief above the speculative level. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* at 603. In deciding whether the complaint states a claim, I must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Thus, the first inquiry in every Section 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Graham v. Conner*, 490 U.S. 386, 394, (1989); *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Here, Frohwerk alleges that the Defendants "have obstructed my pursuit of redress of grievances by not replying to the informal or formal grievances I have filed . . . ." [DE 1 at 3]. He specifies that "[t]his complaint is not about the conditions of my confinement beyond the obstructions to the pursuit of my 1st amendment rights" to use the prison's grievance system to complain about conditions of confinement [DE 1 at 5].

However, even if a grievance official ignores, mishandles, or denies a prisoner's grievance, that does not provide the basis for stating a claim under § 1983.

> Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.

*Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also George v. Smith*, 507 F.3d. 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in . . . [constitutional] . . . violations are responsible. . . . Ruling against a prisoner on an administrative complaint does not cause or

2

contribute to the violation.") (internal citations omitted).

The Plaintiff suggests that the Defendants' actions might result in complaints he files in court being dismissed pursuant to 42 U.S.C. § 1997e(a), which requires that prisoners utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731, 734 (2001); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999). But if prison officials frustrate a prisoner's attempts to comply with § 1997, they forfeit the protections of that statute. *See Kaba v. Stepp*, 458 F.3d 678, 683 (7th Cir. 2006). "[W]hen prison officials prevent inmates from using the administrative process . . . the process that exists on paper becomes unavailable in reality." *Id.* at 684. "If administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." *Id.*

The complaint establishes that the Defendants have not deprived the Plaintiff of a right secured by the Constitution or laws of the United States. Accordingly, the complaint states no claim upon which relief can be granted. *See Graham*, 490 U.S. at 394; *Baker*, 443 U.S. at 140.

For the foregoing reasons, the Court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A, and **DIRECTS** the clerk to **CLOSE** this case.

**SO ORDERED**.

ENTERED: August 11, 2011

                                             /s/ Philip P. Simon
                                             PHILIP P. SIMON, CHIEF JUDGE
                                             UNITED STATES DISTRICT COURT